IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRI-REALTY COMPANY,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **URSINUS COLLEGE,** | : | No. 11-5885 |
| *Defendant*. | : | |

**ORDER**

**AND NOW**, this 24th day of August, 2015, upon consideration of Ursinus's Motions for Summary Judgment on Tri-Realty's Clean Water Act ("CWA") Claim (Docket No. 64) and Tri-Realty's Resource Conservation and Recovery Act ("RCRA") Claim (Docket No. 65), Tri-Realty's Responses in Opposition (Docket Nos. 69, 70), Ursinus's Replies in Support of the Motions (Docket Nos. 76, 77), Tri-Realty's Sur-Reply in Further Opposition to Ursinus's Motion for Summary Judgment on Tri-Realty's RCRA Claim (Docket No. 79), Ursinus's Request to Take Judicial Notice of Agency Action (Docket No. 80), Tri-Realty's Response in Opposition (Docket No. 81), Ursinus's Post-Argument Submission (Docket No. 84), Tri-Realty's Post-Argument Submission (Docket No. 85), Tri-Realty's Request to Take Judicial Notice of Agency Action (Docket No. 86), Ursinus's Response in Opposition (Docket Nos. 87, 88), Tri-Realty's Reply in Support of the Request to Take Judicial Notice of Agency Action (Docket No. 89), Tri-Realty's Motion to Supplement the Summary Judgment Record (Docket No. 90), Ursinus's Response in Opposition (Docket No. 91), Tri-Realty's Reply in Support of the Motion (Docket No. 92), and the parties' other submissions to the Court, and following oral argument on January 9, 2015, for the reasons set forth in the Court's Opinion of even date, **the Court hereby ORDERS** that:

1

1. Ursinus's Request to Take Judicial Notice of Agency Action (Docket No. 80) is **GRANTED**.

2. Tri-Realty's Request to Take Judicial Notice of Agency Action (Docket No. 86) is **GRANTED**.

3. Tri-Realty's Motion to Supplement the Summary Judgment Record (Docket No. 90) is **DENIED**.

4. Ursinus's Motion for Summary Judgment on Tri-Realty's CWA Claim (Docket No. 64) is **GRANTED IN PART and DENIED IN PART** so that:

    a. Summary judgment is **DENIED** as to certain theories of CWA liability, as identified in the Court's Opinion of even date, based on the alleged contamination of the Lower Drainage Swale and/or Bum Hollow Run; and

    b. Summary judgment is **GRANTED** in favor of Ursinus as to all other theories of CWA liability.

5. Ursinus's Motion for Summary Judgment on Tri-Realty's RCRA Claim (Docket No. 65) is **GRANTED IN PART and DENIED IN PART** so that:

    a. Summary judgment is **DENIED** as to certain theories of RCRA liability, as identified in the Court's Opinion of even date, claiming that the situation at College Arms may present an imminent and substantial endangerment to (i) humans and animals, as a result of intermittent exposure to contamination at College Arms; (ii) animals, as a result of prolonged exposure to contamination at College Arms; (iii) humans, as a result of the alleged spread of contamination that might result in prolonged human exposure to

    contamination at College Arms; and/or (iv) the environment in and of itself; and

b. Summary judgment is **GRANTED** in favor of Ursinus as to all other theories of RCRA liability.

                            BY THE COURT:

                            <u>S/Gene E.K. Pratter</u>
                            GENE E.K. PRATTER
                            UNITED STATES DISTRICT JUDGE

contamination at College Arms; and/or (iv) the environment in and of itself; and

b. Summary judgment is **GRANTED** in favor of Ursinus as to all other theories of RCRA liability.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE